**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000545
18-DEC-2015
09:13 AM**

NO. CAAP-12-0000545

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MENEHUNE SUN, LLC, Plaintiff-Appellee, v.
INOKE L. YALIMAIWAI, MICHELLE I. YALIMAIWAI,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0030)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Reifurth and Ginoza, JJ.)

In this post-summary judgment ejectment action brought by Plaintiff-Appellee Menehune Sun, LLC ("Menehune Sun"), Defendants-Appellants Inoke L. Yalimaiwai and Michelle I. Yalimaiwai ("the Yalimaiwais") appeal from the May 2, 2012 Notice of Entry of Judgment on Order Granting Plaintiff Menehune Sun LLC's Motion for Summary Judgment Filed Herein on February 3, 2012, And For Possession, filed in the Circuit Court[1] of the First Circuit ("Circuit Court").[2] In their opening brief, the Yalimaiwais further claim to appeal from the (1) April 2, 2012,

---

[1]    The Honorable Virginia L. Crandall presided.

[2]    The Yalimaiwais failed to attach the judgment or order appealed from to the Notice of Appeal in violation of Hawai'i Rules of Appellate Procedure ("HRAP") Rule 3(c)(2). Nevertheless, because (1) the document was attached as an exhibit to the Civil Appeal Docketing Statement filed twenty-eight days later on June 29, 2012; (2) "a mistake in designating the judgment should not result in loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake", *Ek v. Boggs*, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003) (quoting *State v. Graybeard*, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000)) (internal quotation marks and ellipsis omitted); and (3) Menehune Sun makes no claim of being misled, we may review the Yalimaiwais' arguments.

oral decision granting summary judgment to Menehune Sun; (2) May 2, 2012 Order Granting Plaintiff Menehune Sun LLC's Motion For Summary Judgment Filed Herein On February 3, 2012; (3) May 2, 2012 Judgment on Order Granting Plaintiff Menehune Sun LLC's Motion For Summary Judgment Filed Herein On February 3, 2012, And For Possession; (4) Writ Of Possession, issued on May 2, 2012; (5) Minute Order contained in the May 1, 2012 court minutes, reflecting denial of the Yalimaiwais' Motion to Reconsider Ruling; and (6) June 19, 2012, oral decision denying the Yalimaiwais' Hawaiʻi Rules of Civil Procedure ("HRCP") Rule 60(b) motion for reconsideration, all of which were entered in the Circuit Court.[3/]

On appeal, the Yalimaiwais raise three points of error wherein they contend that: (1) the Circuit Court erred in dismissing as hearsay the "uncontroverted" affidavit the Yalimaiwais presented in their opposition to Menehune Sun's motion for summary judgment ("MSJ"); (2) the Circuit Court erred in granting summary judgment to Menehune Sun "given the unrebutted affidavit submitted in opposition to the motion by the Yalimaiwais"; and (3) the Circuit Court abused its discretion by "denying [the Yalimaiwais'] Rule 60(b) motion to set aside a grant of summary judgment when presented with unrebutted evidence of fraud in the non-judicial foreclosure."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise, we conclude that the Yalimaiwais' arguments are without merit, and affirm:

(1) The Yalimaiwais contend that the Circuit Court abused its discretion when it deemed Teri L. Petit's affidavit[4/] ("Affidavit") to be "a hearsay Affidavit" because "[t]here was no evidence that the Affidavit lacked trustworthiness[,] and the

---

[3/]     The written orders for the Minute Order denying the Motion to Reconsider Ruling and the oral decision denying the HRCP Rule 60(b) motion for reconsideration were not filed in the Circuit Court until November 16, 2012, and were not thereafter made a part of the record on appeal in this case. Minute orders and oral decisions are not otherwise appealable.

[4/]     Teri L. Petit is purported to be a mortgage broker and "Forensic Loan Auditor" based in Illinois.

Court gave no further explanation, cited no evidentiary Rule or general proposition of law, [and failed to] indicate[] which, if any, portions of the twelve (12) page Affidavit contained hearsay." We disagree.

Affidavits submitted by parties in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts <u>as would be admissible in evidence</u>, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Adams v. CDM Media USA, Inc.*, 135 Hawai'i 1, 28, 346 P.3d 70, 97 (2015) (quoting Haw. R. Civ. P. 56(e)) (internal quotation marks omitted). Courts scrutinize such affidavits to determine whether the facts they aver are admissible at trial and are made on the personal knowledge of the affiant. *Miller v. Manuel*, 9 Haw. App. 56, 66, 828 P.2d 286, 292 (1991). And "[t]o the extent that the affidavits [do] not comply with [HRCP Rule 56(e),] they should be disregarded." *Hawaii Cmty. Fed. Credit Union v. Keka*, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000) (quoting *Cahill v. Hawaiian Paradise Park Corp.*, 56 Haw. 522, 539, 543 P.2d 1356, 1367 (1975)) (internal quotation marks omitted). As such, "'[a]n affidavit consisting of inadmissible hearsay cannot serve as a basis for awarding or denying summary judgment.'" *Keka*, 94 Hawai'i at 221, 11 P.3d at 9 (quoting *GE Capital Hawaii, Inc. v. Miguel*, 92 Hawai'i 236, 242, 990 P.2d 134, 140 (App. 1999)).

Here, the Affidavit, which was submitted by the Yalimaiwais in support of their opposition to the motion for summary judgment, did not contain any information verifying Petit's qualifications or personal knowledge of the Yalimaiwais' loan and foreclosure. Yet in Hawai'i, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Adams*, 135 Hawai'i at 28, 346 P.3d at 97 (quoting Haw. R. Evid. 602) (internal quotation marks omitted). Furthermore, the exhibits discussed in the Affidavit were not attached. *See, e.g.*, *GE Capital Hawaii*, 92 Hawai'i at 242, 990 P.2d at 140, *overruled on other grounds by Price v. AIG Hawai'i Ins. Co.*, 107 Hawai'i 106, 111 P.3d 1 (2005) (affidavit contained hearsay that

did not qualify under any exception when affiant testified regarding alleged default based on records and files that were never introduced into evidence); *Pac. Concrete Fed. Credit Union v. Kauanoe*, 62 Haw. 334, 336, 614 P.2d 936, 938 (1980) ("All papers referred to in the affidavits must also be attached and sworn to or certified. These requirements are mandatory."); *Fuller v. Pac. Med. Collections, Inc.*, 78 Haw. 213, 224, 891 P.2d 300, 311 (App. 1995) ("The HRCP require that exhibits attached to a motion for summary judgment must be supported by an appropriate affidavit or certification."). Therefore, the Affidavit did not comply with the requirements of the Hawaiʻi Rules of Civil Procedure, and the court could not consider it.

In sum, the Circuit Court did not err in concluding that "the affidavit is a hearsay affidavit and that the exhibits referenced in that affidavit were not attached."

(2) The Yalimaiwais contend that the Circuit Court erred when it granted summary judgment in favor of Menehune Sun. In support, they cite to *Aames Funding Corp. v. Mores*, 107 Hawaiʻi 95, 110 P.3d 1042 (2005) for the proposition that, if homeowners make insufficient or unclear allegations of fraud without an affidavit, then the objection "may be overruled at trial after an evidentiary hearing." Thus, the Yalimaiwais claim that the court "misapplied the holding" in *Aames* because the allegations were "specific and discernible[,] and . . . are supported by an affidavit from a credible expert using public governmental records, entitled to judicial notice." We disagree.

As discussed above, Petit's affidavit was not verified and failed to attach the documents it referenced. Accordingly, the Affidavit did not comply with the requirements of the Hawaiʻi Rules of Civil Procedure, and the Circuit Court did not err in deeming it inadmissible hearsay and declining to consider it.

Furthermore, the Circuit Court correctly applied *Aames*. In that case, the Hawaiʻi Supreme Court held that under Hawaii Revised Statutes ("HRS") §§ 501-118, "a mortgagor's right to 'impeach[ ] . . . any foreclosure proceeding' is expressly limited to the period *before* entry of a new certificate of title." 107 Hawaiʻi at 101, 110 P.3d at 1048 (emphasis added)

4

(quoting HRS § 501-118). Here, a new certificate of title was issued to Menehune Sun on September 29, 2011. Thus, under *Aames*, the Yalimaiwais could not impeach the foreclosure proceeding six months later in their March 27, 2012 opposition to the MSJ. Therefore, the Circuit Court did not err in applying *Aames* when it granted Menehune Sun's MSJ.

The Yalimaiwais assert that they had a defense under HRS § 667-4 because the trust[5/] had "dissolved" and U.S. Bank lacked authority as a trustee. In support, they cite *Kekauoha-Alisa v. Ameriquest Mortg. Co.*, 674 F.3d 1083 (9th Cir. 2012) and *Silva v. Lopez*, 5 Haw. 262 (Haw. Kingdom 1884) for the proposition that "even technical violations of foreclosure procedures void a subsequent foreclosure sale."

In *Kekauoha-Alisa*, the Ninth Circuit concluded that the lender's failure to properly postpone a foreclosure sale after neglecting to make a "public announcement" of the postponement required avoidance of the sale. 674 F.3d at 1088. Similarly, in *Silva*, the Supreme Court of the Kingdom of Hawaiʻi determined that a foreclosure was invalid because the foreclosing entity scheduled the foreclosure sale a day earlier than provided for in the mortgage contract. 5 Haw. at 265. Although the Yalimaiwais acknowledge and discuss the fact of the *Silva* holding, they do not establish that the notice issues present in *Silva* or *Kekauoha-Alisa* occurred or apply here. Furthermore, the document the Yalimaiwais claim had the effect of "dissolving" the Trust is a Form 15 Certification and Notice of Termination of Registration under Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Reports under Sections 13 and 15(d) of the Securities Exchange Act of 1934. This certification does not "dissolve" the certifying entity, but rather terminates its reporting obligations to the Securities Exchange Commission. *See* 17 C.F.R. § 240.12g-4 (2007) & § 240.12h-3 (2011). Thus, the

---

[5/] In her affidavit, Petit stated that BNC Mortgage, Inc. sold the Yalimaiwais' note to Lehman Brothers, who then sold it to Structured Asset Investment Loan Trust 2005-8 through its servicer, JP Morgan Chase Bank and trustee U.S. Bank. Petit and the Yalimaiwais refer to the Structured Asset Investment Loan Trust 2005-8 as "the Trust."

Yalimaiwais' argument fails.[6]

The Yalimaiwais also appear to contend that Menehune Sun lacked standing to initiate the ejectment action and claim that "[l]ack of standing should overcome the 'innocent purchaser' theory, since standing is more than a technical issue or violation of the statute regarding non-judicial foreclosures." In support, the Yalimaiwais cite *Cnty. of Kauai ex rel. Nakazawa v. Baptiste*, 115 Hawai'i 15, 165 P.3d 916 (2007), *Sierra Club v. Dept. of Transp.*, 115 Hawai'i 299, 167 P.3d 292 (2007), and *Mottl v. Miyahara*, 95 Hawai'i 381, 23 P.3d 716 (2001). However, this argument also lacks merit.

As discussed above, the Circuit Court correctly determined that Petit's affidavit was inadmissible hearsay, so it did not err in declining to consider it. And Menehune Sun presented the necessary evidence to prevail in its MSJ. Furthermore, although *Baptiste*, *Sierra Club*, and *Mottl* concern standing requirements, the Yalimaiwais do not explain how these cases apply or are analogous to the instant case. Therefore, the Yalimaiwais' citation of those cases is unpersuasive, and their arguments fail.

(3) Finally, the Yalimaiwais argue that the Circuit Court abused its discretion when it did not grant their motion for reconsideration and set aside the summary judgment because U.S. Bank and JP Morgan Chase did not have the authority to foreclose on the Property. The Yalimaiwais cite *Deutsche Bank Nat'l Trust Co. v. Williams*, Civ. No. 11-00632 JMS/RLP, 2012 WL 1081174 (D. Haw. Mar. 29, 2012) as involving a situation where a court correctly dismissed a foreclosure because "the underlying documents, exactly as in this case at bar, revealed a break in the chain of title between the original mortgagee and the foreclosing entity." We disagree.

---

[6]     The U.S. District Court of the District of Hawaii has commented on *Silva*'s limited applicability in interpreting HRS § 667-5. *See Bald v. Wells Fargo Bank*, Civ. No. 13-00135 SOM/KSC, 2013 WL 3864449, at *5 (D. Haw. July 25, 2013) (holding that *Silva* is not persuasive authority in interpreting HRS § 667-5 because it was "decided many decades before the Hawaii Legislature substantially revised Hawaii's nonjudicial foreclosure statute in 2008. The language in . . . *Silva* was therefore available to the Hawaii Legislature for inclusion or paraphrasing in any statute").

The Yalimaiwais' reliance on *Williams* is misplaced. In *Williams*, the defendant-mortgagors challenged Deutsche Bank's standing in a *judicial* foreclosure action. 2012 WL 1081174, at *4. Additionally, the assignor in *Williams* was in bankruptcy liquidation on the day of the assignment. *Id.* at *3-4. Here, however, the Yalimaiwais challenge a nonjudicial foreclosure. Furthermore, as discussed above, the document that the Yalimaiwais claim "dissolved" the trust instead terminated the issuer's registration and suspended its duties to report. Accordingly, *Williams* is inapposite. *See Lizza v. Deutsche Bank Nat'l Trust Co.*, 1 F. Supp. 3d 1106, 1117 (D. Haw. 2014).

The Yalimaiwais cite *In re Custody of Ayala*, 800 N.E.2d 524 (Ill. App. 2003) (citing *Sarkissian v. Chicago Bd. of Educ.*, 776 N.E.2d 195 (Ill. 2002)), for the proposition that "[c]onsiderations of timeliness and due-diligence do not apply where the movant seeks to vacate an order it alleges is void."[7/] In *Ayala*, the Appellate Court of Illinois concluded that the trial court abused its discretion when it found a motion to vacate void orders to be untimely. *Id.* at 534. Here, however, the Circuit Court did not find that the Yalimaiwais' Rule 60(b) motion was untimely, but it instead concluded, as it had determined earlier, that the Yalimaiwais could not challenge the foreclosure under *Aames*. Therefore, the Circuit Court did not abuse its discretion in denying the Rule 60(b) motion.[8/]

We are also unpersuaded by the Yalimaiwais' contention that U.S. Bank did not have standing to foreclose under *Bush v. Watson*, 81 Hawai'i 474, 918 P.2d 1130 (1996), for Menehune Sun

---

[7/] Citing *Calasa v. Greenwell*, 2 Haw. App. 395, 397, 633 P.2d 553, 555 (1981), the Yalimaiwais similarly appear to argue that their motion was allowed under HRCP Rule 60(b)(4). In *Calasa*, however, this court held that there was "no time limit on an attack on a judgment as void." *Id.* at 398, 633 P.2d at 555. Here, the timeliness of the motion was not an issue. Thus, *Calasa* is inapposite.

[8/] The Yalimaiwais appear to cite *Porter v. Hu*, 116 Hawai'i 42, 55, 169 P.3d 994, 1007 (App. 2007), for the proposition that they warrant equitable relief. The Yalimaiwais' argument lacks merit, however, as they do not demonstrate how the circumstances in *Porter* apply to the instant case, nor do they explain their claim that there were no other remedies at law available to them at the time of the proceedings. Indeed, the Circuit Court noted that the Yalimaiwais' stipulated to dismiss with prejudice their claims against Menehune Sun, JP Morgan Chase Bank, and U.S. Bank in another lawsuit in federal court.

and not U.S. Bank is the plaintiff in this case. And, as discussed above, Menehune Sun also provided the documentation necessary for granting summary judgment on the ejectment action. Significantly, the document the Yalimaiwais claim to be a "title abstract" is, in fact, a search of public records on the State of Hawai'i Department of Land and Natural Resources website, which utilized the search term "Yalimaiwai Michelle." Yet, as Menehune Sun points out in its answering brief, a search under that name would not return a result containing the assignment because "Yalimaiwai Michelle" is neither the grantor MERS nor the grantee U.S. Bank, N.A. Menehune Sun's standing is established by the Assignment of Mortgage that Menehune Sun attached as an exhibit to its MSJ. Thus, the Circuit Court did not abuse its discretion in denying the Yalimaiwais' Rule 60(b) motion.

Therefore, the Order Granting Plaintiff Menehune Sun LLC's Motion For Summary Judgment Filed Herein On February 3, 2012, filed on May 2, 2012; the Judgment Granting Plaintiff Menehune Sun LLC's Motion For Summary Judgment Filed Herein On February 3, 2012, And For Possession, filed on May 2, 2012; and the Writ Of Possession, filed May 2, 2012, all of which were entered in the Circuit Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, December 18, 2015.

On the briefs:

Sandra D. Lynch
(Property Rights Law
Group, P.C.)
for Defendants-Appellants.

Robert E. Chapman and
Mary Martin
(Clay Chapman Iwamura
Pulice & Nervell)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge